IsHAM C. KING, plaintiff in error, vs. ALVIN ARMSTRONG, defendant in error.

An award is subject to be set aside, for a mistake in it, even though, the mistake may not be apparent on the face of it. BENNING, J.

Award, from Whitfield county. Decided by JUDGE TRIPPE, October Term, 1857.

This was a motion on the part of I. C. King to set aside an award which had been rendered by the arbitrators appointed to settle the matters in difference between the parties in a suit in Equity of Alvin Armstrong vs. Isham C. King and Frederick Cox.

In support of this motion the movant read to the Court the following affidavits:

The affidavit of Charles W. Bond, who swore that he was one of the arbitrators who made the award, and that Armstrong presented a large account for monies alleged to have been paid out by him on account of the mill, amounting to about $1850; that King knew nothing about the amount being presented so far as deponent was advised; that the arbi-

trators awarded all or nearly all the amount, and that the deponent was satisfied some of the items were largely overcharged and some twice charged, and that the said King must have been injured by said overcharges and double charges at least $200; that the arbitrators knew the property, but not the amounts paid out, and were governed by the said account until after said award was made, and that at the time they allowed said amounts within awarded, they supposed Armstrong had paid the same, and that had they been informed of the overcharges and double charges, at the time of making said award, they would not have allowed so large an amount to Armstrong. That they expected for King to use the mill-dam and water, as it was at the time, and at its then height, for otherwise the improvements would be of little value, and that the water of course was not to be interfered with.

The affidavit of O. Clarke who swore that he was one of the arbitrators who made award and Charles W. Bond the other arbitrator. That in the absence of King and without his knowledge Armstrong presented an account for money paid, work done &c. That he knew some of the items were overcharged, and that Armstrong had charged for expenses which were incurred in carrying on the mill, and not for making any additions to the the mill, at least $100. That the arbitrators knew the property, but not the amounts Armstrong had paid out, and that in arriving at the amount, they were governed by the statement of said Armstrong; that at the time the arbitrators allowed said amount they supposed that Armstrong had paid out the amounts charged, and that they had no other evidence of the same than the statements of Armstrong, and that had they known of the overcharges at the time of making the award, they would not have allowed so large an amount to the said Armstrong. That at the time they made the award, they expected King to use the mill-dam and water, as it was at the time of making said award, with the water at its height, and all the other property freely and without any hindrance in any way, for if the dam

had been lowered, deponent thought the property would be almost valueless. Deponent was a millwright, and that was his opinion.

The movant introduced the account of Armstrong.

The affidavit of A. F. Anderson, who swore that he did a job of hewing and getting mill timber for Armstrong, and that Armstrong paid him $34 25 instead of sixtv.

Another affidavit of A. F. Anderson, who swore that he did work on the mill and received from Armstrong 75 cents instead of $10.

The award having been returned to the Court below, King entered an appeal, which at the succeeding Term of the Court, was dismissed on the ground that an appeal did not lie from said award, and at the same Term a *rule nisi* was obtained to set aside the said award.

After hearing the said motion, the Court refused to set aside the award, and counsel for King excepted.

WALKER, for plaintiff in error.

SMITH; and JOHNSON & JACKSON, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The arbitrators, through mistake or ignorance, of law or fact, failed to state in the award, that King " was to use the mill-dam and water, as it was at the time" of the making of the award. The matter thus omitted, was of the first importance, to King.

Ought the award to stand in the face of such an omission, thus made by mistake or ignorance of law or fact? I think not.

I think, that if there is a mistake of law or fact in an award, the award is subject to be set aside, either at law or in equity. This opinion has the support, as it appears to me, of the cases that had been decided in England, at the time when the

a w of England was adopted by Georgia. *Comeforth vs. Geer*, 2 *Vern.* 705; *Anon.* 3 *Atk.* 644; *Ridout vs. Pain*, 3 *Atk.* 486; *Richardson vs. Nourse*, 3 *B. and Ald.* 237; 3 *Burr*, 1258-'9. 1 *Ves. Jr.* 369; *Anderson vs. Darcy*, 18. *Ves.* 447.

There are decisions of a modern date in England, to the effect, that if an award is good on its face, it is not to be impeached on the ground of mere mistake. See the cases stated in *Russell on Arbitrators* 300. One of the very last cases, however, is directly to the contrary of these. It was made in *In re, Hall & Hinds,*2 *Mann. and Gr.* 846.

I prefer to follow the earlier cases.

For this omission then, the award ought, in my opinion to be set aside; unless Armstrong will agree that the matter omitted, shall make a part of the award.

There are mistakes against King in the account, to the amount of about $100; but there is also a mistake against Armstrong, to the amount of $100. These opposite mistakes correct each other. So there is nothing in these mistakes to affect the award.

Judgment reversed, conditionally.

Lumpkin J. concurring.

I concur in the judgment of the Court in this case.

It is clear from the bill and answer that the question, as to the backing of the water, caused by the mill pond, was included in the submission made to the arbitrators. It was *one,* of the " matters in difference" between the parties; and of course embraced in the reference.

From the answer of King which is not contradicted, it appears that he assisted Armstrong. in extinguishing the title to this lot; the arbitrators swear that this matter was embraced in the award, and so intended to be by them, and that unless the privilege of keeping up the pond, at the height

which it then was, be awarded to King that the improvments made by Armstrong, on the premises and property, will be comparatively valueless. The arbitrators have allowed him full value for these improvements. In affirming the judgment of the Court then, making the award of the arbitrators the judgment of the Court, it is indispensable as an act of justice to King, and for the purpose of quieting further litigation, to accompany our judgment with the declaration, that it is understood upon the payment of the award, the right is guaranteed to King, of keeping up the pond at the height at which it stood when the award was made, without molestation of Armstrong, or those who hereafter acquire title under him.

It is conceded that should Armstrong attempt to interfere hereafter, that a Court of Equity would interpose by injunction and restrain him upon the case made in the record : why this doubt, delay and expense? Equity! Equity! Equity! Drive a citizen to resort to equity to do that, which a Court of law can just as effectually do now! Such absurdity cannot long withstand the battle axe of reform and the reign of reason and common sense, ushered in with the present century, but which until within the last twenty-five years, made but little advance in overturning the superstitious devotion to precedent and antiquity, which have so long retarded the progress of legal science.

McDONALD. J, dissented.